VICTOR MARRERO, United States District Judge.
Plaintiff Michael Karsch ("Karsch") brought this action against defendants *505 Blink Health Ltd. ("Blink Health"), Geoffrey Chaiken, and Matthew Chaiken (collectively, "Defendants"), alleging that Defendants have refused to provide Karsch the equity he purchased with an early capital investment in Blink Health and instead insist on treating the investment as a cash loan. (See"Complaint," Dkt. No. 1.) Karsch brings claims for statutory and common law fraud (Counts I, II, III, IV, and IX), breach of contract (Count V), breach of the covenant of good faith and fair dealing (Count VI), unjust enrichment (Count VII), breach of fiduciary duties (Count VIII), negligent misrepresentation (Count X), and accounting (Count XI). (See id. ¶¶ 382-455).
Before the Court is a flurry of letter correspondence with which Defendants express an intention to move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (" Rule 12(b) (6)"). On June 26, 2017, Defendants submitted a letter indicating an intention to file a motion to dismiss all of Plaintiff's claims. (See Dkt. No. 10.) By letter dated July 20, 2017, Karsch opposed Defendants' arguments for dismissal, arguing that all of the claims were sufficiently pled to survive a motion to dismiss. (See Dkt. No. 18.) On July 26, 2017, Defendants submitted a letter reiterating their position that, accepting all of the facts alleged in the Complaint as true, all of the claims should still be dismissed (see Dkt. No. 12), and Karsch again responded by letter, dated August 3, 2017, arguing that Defendants' arguments misconstrue the factual allegations in the Complaint (see Dkt. No. 13).
The Court then held a telephone conference (the "September 6 Telephone Conference"), heard arguments from the parties, and advised the parties that the Complaint appears to contain sufficiently particular factual allegations supporting Karsch's legal claims to survive a motion to dismiss. (See Dkt. Minute Entry for 9/6/2017.) The Court further permitted Defendants to submit a follow-up letter describing their position with regard to a motion to dismiss and to offer any new arguments why dismissal of some or all of the claims is warranted. (See id. )
On September 11, 2017, Defendants submitted a letter stating that in light of the Court's guidance, they are no longer pursuing a motion to dismiss the breach of contract claim (Count V) but still seek dismissal of all of Karsch's other claims (the "Non-Contractual Claims"). (See"September 11 Letter," Dkt. No. 15.) In the September 11 Letter, Defendants state that they are no longer pursuing the argument that any of the claims should be dismissed because of a lack of particularity in the factual allegations, but that the Non-Contractual Claims nonetheless fail as a matter of law because they are all either impermissibly duplicative of the breach of contract claim or are otherwise barred under New York law. (See id. at 2-3.) On September 14, 2017, Karsch submitted a letter arguing that the September 11 Letter simply reiterates reasons to dismiss the Non-Contractual Claims that the Court had already indicated were meritless during the September 6 Telephone Conference. (See Dkt. No. 16.)
*506 The Court then held a second telephone conference (the "October 23 Telephone Conference"), during which it advised Defendants that dismissal of any of the Non-Contractual Claims does not seem warranted at this phase of the litigation. (See Dkt. Minute Entry for 10/23/2017.) On October 30, 2017, Defendants submitted a letter stating that they continue to view the Non-Contractual Claims as subject to dismissal and intend to file a motion to dismiss to narrow the case and limit discovery costs. (See"October 30 Letter," Dkt. No. 19.)
The Court then held a third telephone conference regarding the proposed motion to dismiss (the "November 17 Telephone Conference"). (See Dkt. Minute Entry for 11/17/2017.) The Court advised Defendants that contrary to their arguments in the September 11 and October 30 Letters, the Court was persuaded that the Non-Contractual Claims are not impermissibly duplicative of the breach of contract claim and are instead supported by extensive and specific allegations that are distinct from the allegations supporting the breach of contract claim. The Court further advised Defendants that it was not persuaded by the other grounds upon which they seek dismissal of any of the claims. However, the Court permitted Defendants to submit a letter describing any new arguments supporting a motion to dismiss that Defendants may not have had the opportunity to raise in their prior letters or during the three telephone conferences.
On November 24, 2017, Defendants submitted a letter reiterating their intention to file a motion to dismiss all of the Non-Contractual Claims. (See"November 24 Letter," Dkt. No. 20.) In the November 24 Letter, Defendants repeat all of the same reasons why they insist that the Non-Contractual claims are subject to dismissal under Rule 12(b)(6), and offer more extensive case-law citations to support their arguments. (See id. )
The Court has thus provided the parties ample opportunity to argue their respective positions, both orally and in writing, and now construes Defendants' September 11, October 30, and November 24 Letters, collectively, as a motion to dismiss all of the Non-Contractual Claims pursuant to Rule 12(b)(6).
Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. However, a complaint should be dismissed if the plaintiff has not offered sufficient factual allegations that render the claim facially plausible. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Furthermore, the requirement that a court accept the factual allegations in the complaint as true does not extend to legal conclusions. See id.
The Court has repeatedly informed Defendants that it is not persuaded that dismissal of any of Karsch's claims is warranted under Rule 12(b)(6). Defendants' latest letter correspondence-the November 24 Letter-does nothing more than repeat their arguments in favor of dismissal, and thus has not altered the Court's conclusion.
Defendants' principal argument for dismissal is that the majority of the Non-Contractual Claims are impermissibly duplicative of the breach of contract claim (Count V). Specifically, Defendants argue that the fraud-based claims (Counts I-IV and IX), the breach of the implied covenant of good faith claim (Count VI), and the negligent misrepresentation claim (Count X) should all be dismissed because they are based on the same alleged facts as the breach of contract claim. (See, e.g., November 24 Letter at 1-3.)
*507 "New York law [ ] requires that a fraud claim, raised in a case that stems from breach of contract, be 'sufficiently distinct from the breach of contract claim.' " Maxim Grp. LLC v. Life Partners Holdings, Inc., 690 F.Supp.2d 293, 306-07 (S.D.N.Y. 2010) (quoting Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996) ). To be "sufficiently distinct" from a breach of contract claim, fraud claims must be based on more than a defendant's false statements indicating an intention to perform his or her obligations under a contract. See Bridgestone/Firestone, 98 F.3d at 20.
The Complaint contains ample factual allegations supporting Karsch's argument that the Non-Contractual Claims are based on specific factual misrepresentations distinct from the breach of contract claim. For example, the Complaint alleges that Defendants: misrepresented their expertise and sophistication to convince Karsch and entice him to invest in their business (see Complaint ¶¶ 51-61); provided Karsch with material that falsely indicated that various industry leaders would be involved in Blink Health in order to induce him to do business with the new company (see id. ¶¶ 114-23); and intentionally concealed and misrepresented the nature of the transaction they intended to enter with Karsch in order to induce him to provide an unsecured loan to Defendants (see id. ¶¶ 80-85, 95.) This list is just a smattering of the many allegations made in the Complaint that involve alleged misrepresentations that induced Karsch to contract with Defendants in the first place.
These allegations go well beyond Defendants' promises to perform their duties under the contract and whether or not those promises were false when made. Rather, they involve false representations regarding the nature of Defendants' business and their professional connections, as well as other representations that allegedly induced Karsch to contract with Defendants. The Non-Contractual Claims all rely on these alleged misrepresentations that do not regard Defendants' promises to perform their contractual duties. (See, e.g., id. ¶ 416 (allegations supporting the common law fraud claim, stating "Defendants' material misrepresentations were done knowingly or recklessly for the purpose of inducing investors to purchase Notes ...."). The Non-Contractual Claims are thus not duplicative of the breach of contract claim.
Defendants also argue that the fraud-based claims all fail as a matter of law because Karsch is an admittedly sophisticated investor who signed a fully integrated contract disclaiming any prior agreements and so could not have reasonably relied upon any of Defendants' allegedly false or misleading statements in deciding to enter into the contract. (See November 24 Letter at 1-2.) To prevail on most theories of securities fraud, a plaintiff must "establish reasonable reliance on the alleged misrepresentations or omissions." Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc., 343 F.3d 189, 195 (2d Cir. 2003).
In assessing whether a plaintiff reasonably relied upon a defendant's representations, the Court must "consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." Id. Reasonable reliance is thus a "fact-specific inquiry." Glidepath Holding B.V. v. Spherion Corp., 590 F.Supp.2d 435, 459 (S.D.N.Y. 2007). Reasonable reliance is therefore often not decided at the motion to dismiss phase of a litigation, and "most cases where courts have granted motions to dismiss because of a failure to adequately plead reasonable reliance have concerned situations where a plaintiff failed to *508 examine readily available information, relied on oral representations of information when it could easily have asked for additional information, or failed to properly investigate a transaction." Id.
The Court is not persuaded that, as a matter of law, the Complaint fails to allege reasonable reliance simply because Karsch is a sophisticated investor who signed an integrated contract. To be sure, "where a party specifically disclaims reliance upon a particular representation in a contract, that party cannot, in a subsequent action for common law fraud, claim it was fraudulently induced to enter into the contract by the very representation it has disclaimed reliance upon." Harsco Corp. v. Segui, 91 F.3d 337, 345 (2d Cir. 1996). However, in Harsco, the plaintiff was alleging fraud based on misrepresentations that "pertained to the very aspects of the operations that were covered by" the disclaimer in the contract. Emergent Capital, 343 F.3d at 195 (describing the decision in Harsco ). In contrast, the integration clause here does not disclaim any specific representations but instead states generally that the contract "shall supersede all prior agreements and understandings." (Complaint, Ex. A § 4.2.) Additionally, Karsch alleges that he performed due diligence in investigating the transaction and that Defendants intentionally provided him with false materials during his research into the company. See Glidepath Holding, 590 F.Supp.2d at 459 (holding that reasonable reliance was sufficiently pled to survive a motion to dismiss where the plaintiffs alleged that the defendant "thwarted ... due diligence by misrepresenting information related to [their] requests"). Accepting all of Karsch's factual allegations as true, the Court is persuaded that he has adequately pled reasonable reliance.
Defendants further argue that the Court should dismiss the unjust enrichment claim, the breach of fiduciary duty claim, the accounting claim, and the negligent misrepresentation claim based on various arguments specific to each cause of action. As conveyed to Defendants during the November 17 Telephone Conference, the Court has considered Defendants' arguments and is not persuaded that any of these claims should be dismissed at this time.[1]
For the reasons described above, as well as those conveyed to the parties during three telephone conferences, it is hereby
ORDERED that the motion (Dkt. Nos. 15, 19, 20) of defendants Blink Health Ltd., Geoffrey Chaiken, and Matthew Chaiken to dismiss counts I, II, III, IV, VI, VII, VIII, IX, X, and XI of plaintiff Michael Karsch's complaint (Dkt. No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED .
SO ORDERED.

In part, the Court's rejection of dismissal of these claims at that point rested on efficiency grounds. Assuming that the contract and fraud counts survive the motion to dismiss, the amount of discovery the litigation will generate will be predominantly determined by those claims. The volume of discovery is likely to encompass factual matters on which the elements of the remaining claims are based. Thus, there is little to be gained by addressing dismissal of these other claims at this time. If there is sufficient reason to dismiss them, Defendants can renew their challenge to the claims at the summary judgment stage-or even trial-on the basis of a fuller record.